IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

DANIEL BARBARO,                      )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        18-cv-2498-SHM-tmp
                                     )
KAYLA OSBORN CLAYTON,                )
                                     )
        Defendant.                   )

---

REPORT AND RECOMMENDATION

---

On July 19, 2018, plaintiff Daniel Barbaro filed a complaint in this court.  (ECF No. 1.)  On the same day, Barbaro also filed a motion for leave to proceed *in forma pauperis*, which the court granted.  Pursuant to Administrative Order 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation as appropriate.  For the reasons stated below, the undersigned recommends that Barbaro's complaint be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

## I.    PROPOSED FINDINGS OF FACT

In Barbaro's complaint, he names Kayla Osborne Clayton as the defendant.  However, the entire substance of the allegations in his complaint appear to focus on a judgment or series of judgments

made by the Juvenile Court of Memphis and Shelby County, Tennessee. (ECF Nos. 1, 1-3, 1-4, 1-6, 1-7.)  As demonstrated by state court documents attached to the complaint, from March 15, 2016, to the present, Clayton and Barbaro have been engaged in a dispute over child support.  (ECF Nos. 1-1 to 1-5.)  Barbaro alleges that the Juvenile Court's judgments are void and that the Juvenile Court lacked jurisdiction to hear the case brought against him.  (ECF Nos. 1, 1-6, 1-7, 1-9, 1-10.)  He asks that this court quash the judgments entered by the Juvenile Court and dismiss all "charges" with prejudice.  (ECF No. 1 at 2.)

## I.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6).  "A claim is plausible on its face if the 'plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, pro so litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

## B.   Lack of Subject Matter Jurisdiction

At any time and of its own volition, a district court may examine whether a complaint lacks subject matter jurisdiction. See Dietrich v. Bell, Inc., 554 F. App'x 418, 421 (6th Cir. 2014); Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte."). If the court finds that subject matter jurisdiction is lacking, then it must dismiss

the complaint. Fed. R. Civ. P. 12(h)(3). Even construing Barbaro's complaint in the most liberal light, the court finds this complaint must be dismissed for lack of subject matter jurisdiction.

Because Barbaro's suit requires appellate review of a state court decision, under the Rooker-Feldman doctrine, this court lacks subject matter jurisdiction to hear the case. The Rooker-Feldman doctrine "precludes lower federal courts from engaging in appellate review of state court proceedings." Pletos v. Makower Abatte Guerra Wegner Vollmer, PLLC, No. 17-2188, 2018 WL 1870380, at *3 (6th Cir. Apr. 19, 2018). Rather, "only the United States Supreme Court has jurisdiction to correct state court judgments." Gottfried v. Med. Planning Servs., Inc., 142 F.3d 326, 330 (6th Cir. 1998) (citing Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923) & D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)).

When determining whether the Rooker-Feldman doctrine is applicable, a court must ask "whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." Lawrence v. Welch, 531 F.3d 364, 368 (6th Cir. 2008) (quoting McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)). If the only way the court may remedy the injury is by reviewing the state court judgment, "the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction."

-4-

McCormick, 451 F.3d at 393.  It applies even if the state court erred.  Int'l Christian Music Ministry Inc. v. Ocwen Fed. Bank, FSB, 289 F. App'x 63, 65 (6th Cir. 2008).

In this case, Barbaro's seems to claim that the state court judgments are invalid because the proceedings lacked due process. Because the entire source of Barbaro's alleged injury is the Juvenile Court's decision regarding child support, any analysis of the state court's judgments would impermissibly "invite district court review and rejection" of a state court's ruling.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Antwine v. Hoffner, No. 17-2395, 2018 WL 2273668, at *2 (6th Cir. Apr. 12, 2018).  Thus, this court lacks subject matter jurisdiction to hear his claim.

### III. RECOMMENDATION

For the reason stated above, it is recommended that the complaint be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

September 18, 2017
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE**

SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.