# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **DANIEL BARBARO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-2498-SHM-tmp |
| | ) | |
| **KAYLA OSBORN CLAYTON,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, dated July 23, 2018 (the "Report"). (ECF No. 8.) The Report recommends that the Court *sua sponte* dismiss Plaintiff Daniel Barbaro's claims against Defendant Kayla Osborn Clayton pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). (Id. at 74.)[1]  Plaintiff has not objected to the Report.

For the following reasons, the Report is ADOPTED. The action is DISMISSED.

I.  **Background**

On July 19, 2018, Plaintiff filed a *pro se* Complaint. (ECF No. 1.) The Complaint alleges:

---

[1] Unless otherwise noted, all pin cites for record citations are to the "Page-ID" page number.

> [Plaintiff] is allegedly being held in contempt for in Shelby County Juvenile Court with threats of arresting the undersigned restraining his liberties without the required due process of the law of the land as described by SCOTUS . . . . This court must vacate a void judgment on the conclusions of law that judgments coram non judice are void and unconstitutional.

(Id. at 4-7.) Attached to Plaintiff's Complaint are several orders entered by the Juvenile Court of Memphis and Shelby County, Tennessee. (See ECF Nos. 1-1, 1-2, 1-3, 1-4.) The orders appear to address a dispute about child support between Plaintiff and Defendant. (See generally id.)

On July 19, 2018, Plaintiff also applied to proceed *in forma pauperis*. (ECF No. 2.) On July 23, 2018, the Court granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 7.)

On July 23, 2018, United States Magistrate Judge Tu M. Pham entered the Report. (ECF No. 8.) The Report recommends that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3) because "this court lacks subject matter jurisdiction to hear [Plaintiff's] claim." (Id. at 74.)

II. **Analysis**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peter-

2

son, 67 F. App'x 308, 310 (6th Cir. 2003).  A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion."  28 U.S.C. § 636(b)(1)(B).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72.  "A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).  The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection."  Thomas v. Arn, 474 U.S. 140, 150 (1985).  The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed.  Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Plaintiff has not objected to the Report, and the deadline to do so under Local Rule 72.1 has passed.  See also 28 U.S.C. § 636(b)(1)(C).  Adoption of the Report's recommendations is warranted.  See Arn, 474 U.S. at 150-51.

**III. Conclusion**

For the foregoing reasons, the Report is ADOPTED. The action is DISMISSED.

So ordered this 4th day of September, 2018.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE